UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| ANGELA HARRISON, | ) |
|  | ) |
| Plaintiff, | ) Action No. 5:12-CV-336-JMH |
|  | ) |
| v. | ) |
|  | ) |
|  | ) **MEMORANDUM OPINION AND ORDER** |
| W. TODD CHITWOOD, in his individual and official capacities, and JOHN DOE, in his individual and official capacities | ) |
|  | ) |
| Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Motion [DE 5] of the Defendants W. Todd Chitwood and John Doe to dismiss the Complaint filed by Plaintiff Angela Harrison. Plaintiff has filed a Response [DE 6], to which Defendants filed a Reply [DE 8]. Plaintiff also filed a Motion for Leave to Amend the Complaint [DE 7], to which the Defendants filed a Response [DE 9]. This matter is now ripe for this Court's review.

1

**I. Background**

Plaintiff and her husband were tending to a garden at Eastern Kentucky University on August 7, 2012 when Defendants "approached Plaintiff and her husband and made inquiries" about their "actions and intentions regarding the garden." [DE 1 at ¶ 5, 8]. Plaintiff explained that she was tending to the garden while the professor was out of town and informed the officers that she had a note authorizing her presence in the garden. [DE 1 at ¶ 9]. Plaintiff alleges that the Defendants merely "mocked and smirked" at Plaintiff and repeated their questions several times. Ultimately, Defendants asked for, and were provided with, identification for Plaintiff and her husband, which Defendants used to check their database. After returning Plaintiff's husband's identification, the defendants told Plaintiff that she was under arrest without offering any explanation. [DE 1 at ¶ 13]. Plaintiff alleges that she spent "nearly twenty-four hours incarcerated at the Madison County Detention Center with no food before being released." [DE 1 at ¶ 14]. Although while she was incarcerated she was told that she had an outstanding warrant from Estill County, Kentucky, Plaintiff has checked with Estill County Pretrial Services since her release and

2

was told that she had no pending charges against her or any outstanding warrants for her arrest. [DE 1 at ¶¶ 15, 16].

## II. Standard of law

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "[f]actual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all the allegations in the complaint are true." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).

With respect to the averments set forth in Plaintiff's Complaint, the Court accepts Plaintiff's averments as true for the purposes of evaluating Defendants' Motion to Dismiss. "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Twombly,* 550 U.S. at 570; *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-*

3

*State Physicians Network, Inc*., 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007). The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, (2009).

**III. Analysis**

**A. Claims against Defendants in their official capacities**

With respect to Plaintiff's federal claims against the individual defendants in their official capacities, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment to the Constitution generally "bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citations omitted). Plaintiff's claims against the individual defendants in their official capacities are, thus, all effectively claims against Eastern Kentucky University, which is an agency of the

4

Commonwealth of Kentucky. *See Robinson v. Bd. of Regents of EKU*, 475 F.2d 707, 711 (6th Cir. 1973); *see also Hutsell v. Sayre*, 5 F.3d 996, 999-1000 (6th Cir. 1993); *Clements v. Eastern Kentucky Univ.*, 2006 WL 1464617 (E.D.Ky May 22, 2006).

Plaintiff does not contest that Eastern Kentucky University ("EKU") is an arm of the state or that the suit against the defendants in their official capacity is a suit against their office. Instead, Plaintiff hypothesizes that, because EKU has insurance to handle litigation matters such as this, any monetary judgment will not be paid out of the state treasury and Plaintiff's claims are therefore not barred by the Eleventh Amendment. It is true that "whether a money judgment against a state instrumentality or official would be enforceable against the State is of considerable importance to any evaluation of the relationship between the State and the entity or individual being sued." *Regents of the Univ. of Cal. v. Doe,* 519 U.S. 425, 430 (1997). However, "it is the entity's potential legal liability, rather than its ability or inability to require a third party to reimburse it, or to discharge the liability in the first instance, that is relevant." *Regents of the Univ. of Cal.,* 519 U.S. at 431; See also *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir.

5

2005). Thus, the availability of insurance has no bearing on the issue of sovereign immunity in this case. Accordingly, all claims against the defendants in their official capacities will be dismissed.

**B. Counts I & II – Fourth Amendment Claims**

Plaintiff avers that she was subjected to an unreasonable investigatory stop and an unlawful arrest, both of which were violations of her Fourth Amendment rights under 42 U.S.C. §1983. While separated by the Plaintiff into two separate counts in her complaint, the Court will address both together.

Plaintiff first claims that Defendants violated her Fourth Amendment rights to be free of unwarranted search and seizure by subjecting her to an unreasonable investigatory stop. Defendants argue that the facts Plaintiff describes amount to a consensual encounter, rather than an investigatory or *Terry* stop. "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions." *Florida v. Royer,* 460 U.S. 491, 497 (1983).

6

Reading the Complaint in a light most favorable to Plaintiff, she alleges that the Defendants approached her and, without reasonable suspicion, asked her and her husband several questions before asking for her identification. "It is only when an officer restrains an individual's liberty 'by means of physical force or show of authority' that Fourth Amendment protections attach." *Bennett v. City of Eastpointe*, 410 F.3d 810, 821 (6th Cir. 2005) (citing *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)). She does not allege any facts that would support an inference that she was restrained or that she did not feel free to deny the Defendants' requests in Count I of the Complaint.[1] Thus, this claim does not rise to the level of an involuntary detention in violation of the Fourth Amendment and will be dismissed without prejudice. *Bennett*, 410 F.3d at 821 (citing *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)).

By contrast, this Court finds that Plaintiff's Fourth Amendment claim based upon her allegations of an unlawful arrest survives the Defendant's Motion to Dismiss. Defendants argue that Plaintiff's failure to assert that

---

[1] While Plaintiff argues in her Response to the motion to dismiss that she did not feel free to leave or refuse the officers' requests for information, those allegations are not contained within the complaint.

7

she did not have any valid charges or outstanding warrants *on the specific date* of her arrest causes her claim to fail. This Court does not read the Complaint so narrowly. "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Sykes v. Anderson,* 625 F.3d 294, 305 (6th Cir. 2010)(quoting *Voyticky v. Village of Timberlake, Oh.,* 412 F.3d 669, 677 (6th Cir. 2005)). The existence of probable cause "depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Arnold v. Wilder*, 657 F.3d 353, 363 (6th Cir. 2011)(quoting *United States v. Pearce*, 531 F.3d 374, 380-81 (6th Cir. 2008)). Because this matter is in its infancy and because this matter is before the Court on a motion to dismiss, the Court does not have the privilege of knowing the officers' account of what they did or did not know at the time of the arrest, and the defendants have not made any argument in this regard. Defendants strenuously object to the unlawful arrest claim on the basis that the existence of a warrant on the day in question is a public record that Plaintiff should have verified prior to filing a Complaint. If this information is, in fact, a matter of public record that is as easily obtained as the Defendants suggest, the Court is

8

at a loss to understand why Defendants have not procured this exculpatory information and offered it to the Court for judicial notice.

Regardless, Plaintiff's Complaint alleges sufficient fact to demonstrate a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. The officers never offered Plaintiff any reason for her arrest and this Court may infer, at this time, from the statements in the Complaint that charges were never levied against Plaintiff as a result of the incident, nor was she aware of an outstanding warrant or charges stemming from some other incident. Taking the allegations in the Complaint as true at this point, as this Court is required, Plaintiff has alleged sufficient facts to show that the Defendants lacked probable cause and support her unlawful arrest claim. Consequently, Plaintiff's Fourth Amendment claim described in Count II of the Complaint will not be dismissed.

**C. Fourteenth Amendment Claim**

Defendant contends, and Plaintiff concedes in her Response, that a separate claim for the conditions of her confinement while at Madison County Detention Center will not lie. The Court agrees. Similarly, Plaintiff abandons any attempt to make a separate claim under the Fourteenth Amendment for the time that she spent in the police

9

cruiser. Instead, Plaintiff alleges that these facts are relevant to her damages claims. Thus, to the extent that Plaintiff's Complaint attempted to allege a Fourteenth Amendment claim on those grounds, the claim will be dismissed.

### D. Qualified Immunity

"Once the issue of qualified immunity is properly injected in the case either by a motion to dismiss, an affirmative defense or a motion for summary judgment, the plaintiff is obliged to present facts which if true would constitute a violation of clearly established law." *Dominique v. Telb*, 831 F.2d 673, 677 (6th Cir. 1987) Plaintiff must demonstrate that (1) a constitutional right was violated, (2) that right was clearly established and one of which a reasonable person would have known, and (3) the official's action was objectively unreasonable under the circumstances. *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008).

Defendants argue that they are entitled to qualified immunity from suit on Plaintiff's constitutional claims. Defendants rely on their argument, already rejected by this Court, that Plaintiff did not state a claim for a constitutional violation under the Fourth Amendment. Having found that Plaintiff alleges a plausible claim for a

10

Fourth Amendment violation, this Court declines to hold that Defendants are entitled to qualified immunity. Plaintiff has sufficiently pleaded that her Fourth Amendment constitutional rights were violated by the defendants because the right to be free of an arrest unsupported by probable cause is clearly established and of which a reasonable person would have known, see *Sykes,* 625 F.3d at 305, and such an arrest under the facts alleged is unreasonable. Accordingly, qualified immunity at this stage is denied.

**E. Count III – Intentional Infliction of Emotional Distress**

Defendants argue that Plaintiff's allegations that she was verbally mocked and placed in a hot vehicle are not sufficient, as a matter of law, to state a claim for intentional infliction of emotional distress. Instead, Defendants claim, Plaintiff's description of the events amounts to "nothing more than an ordinary arrest and brief placement in a cruiser with the windows up to prevent escape."

The tort of outrage is typically considered a "gap-filler," meaning that the tort of outrage is only available where a more traditional tort would not provide an appropriate remedy. *Lee v. Hefner,* 136 F. App'x 807, 814

11

(6th Cir. 2005) (citing *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 299 (Ky. App. 1993)). In this case, a more traditional state law tort may provide a remedy in this instance, although Plaintiff has not chosen to include any such claim in her Complaint. Nonetheless, "[t]he tort of outrage is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants solely intended to cause extreme emotional distress." *Green v. Floyd Co., Ky.*, 803 F.Supp.2d 652, 655 (E.D.Ky. 2011) (citing *Brewer v. Hillard*, 15 S.W.3d1, 7-8 (Ky.App. 1999)). However, Plaintiff does not allege that the defendants intention was solely to cause extreme emotional distress.

Even ignoring these hurdles to Plaintiff's claim, however, this Court is not convinced that an Plaintiff alleges sufficient facts to state a claim for intentional emotional distress. Plaintiff alleges that Defendants mocked, disrespected and smirked at Plaintiff prior to her arrest, and that the arrest itself was humiliating. Once arrested, she complains that they left her in a hot car for several minutes. While this Court cannot agree that Plaintiff's description of the events is merely an "ordinary" arrest, as Defendants claim, this Court cannot find any specific allegation that is "truly outrageous,

12

intolerable" or would "result[] in bringing one to his knees." *Osborne v. Payne*, 31 S.W.3d 911, 914 (Ky. 2000). Plaintiff's account of the arrest falls somewhere between the two extremes. Accordingly, at this point, without more specific allegations, Plaintiff's claim for intentional infliction of emotional distress will be dismissed without prejudice.

### F. Count IV – Punitive Damages

Plaintiff's allegations must be taken as true at this stage of litigation, and she alleges facts which support her contention that Defendants arrested her without probable cause and, in doing so, unreasonably acted with oppression, fraud and malice. [DE 1 at ¶35-40]. A jury "may be permitted to assess punitive damages in an action under 42 U.S.C. § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Accordingly, Plaintiff's allegations are, at this point, sufficient to permit the claim for punitive damages against Defendants to continue.

### IV. Motion to Amend Complaint

Plaintiff requested leave from this Court to amend her Complaint in her Response to Plaintiff's Motion to Dismiss,

13

as an alternative argument without alleging a separate basis for the relief requested.

First, the Court notes that Plaintiff requested this relief within 21 days after service of the Plaintiff's Motion to Dismiss and, therefore, leave was not required. See Fed. R. Civ. P. 15(a)(1)(B). Now, however, the 21 day time period has elapsed. Because the amended complaint was not filed within the 21 day time period permitted by Fed. R. Civ. P. 15, leave of this Court is required.

Second, Plaintiff's "bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a)." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004); *Alliance for Children, Inc., v. City of Detroit Public Schools,* 475 F.Supp.2d 655, 669 (E.D. Mich. 2007). Parties are "not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *PR Diamonds,* 364 F.3d at 784. Accordingly, Plaintiff's request for leave to amend will be denied.

Should Plaintiff wish to file an amended complaint, a separate motion with the proposed amended complaint attached should be filed.

**V. Conclusion**

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss [DE 5] is **GRANTED IN PART AND DENIED IN PART,** as set forth above, and that Plaintiff's Motion to Amend the Complaint [DE 7] is **DENIED WITHOUT PREJUDICE. IT IS FURTHER ORDERED** that Defendants shall have twenty (20) days from the entry of this Order in which to file an Answer to the Complaint.

This the 15th day of February, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

15